DE PAUW UNIVERSITY et al. v. PUBLIC SERVICE COMMISSION OF OREGON et al.

(District Court, D. Oregon. July 8, 1918.)

1. WATERS AND WATER COURSES ⊂⇒217—COMPANIES SUBJECT TO REGULATION AS PRIVATE CORPORATIONS—"PUBLIC UTILITY."

A private corporation owning an irrigation system, though authorized by its articles of incorporation to engage in the business of selling water to the public, does not thereby become a "public utility," subject to regulation by the Public Service Commission, organized under Laws Or. 1911, p. 483, where such company has never in fact either sold, or held itself out to sell, water to the public generally, but only to purchasers of irrigable land from it, in fulfillment of private contracts, at a specified contract price.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Public Utility.]

2. CORPORATIONS ⊂⇒394 — PUBLIC UTILITY—REGULATION—CHARTER AUTHORITY.

The charter authority of a corporation to become a public utility is a mere naked authority to do business as such, and until its business is so pursued such charter does not make the corporation a public utility subject to regulation.

3. WATERS AND WATER COURSES ⊂⇒217 — APPROPRIATION — DEDICATION TO PUBLIC.

That a private corporation appropriated water for "general rental, sale, and disposition for the purpose of irrigation, etc.," did not make the appropriating corporation or its successors in interest a public utility, without a subsequent act of dedication of the water so appropriated to public use.

In Equity. Suit by the De Pauw University and others against the Public Service Commission of Oregon and Frank J. Miller and others, as members of said Commission and as individuals. On its merits, decree for complainants.

See, also, 247 Fed. 183.

This is a suit by the plaintiffs, as bondholders, and by the trustees under a mortgage securing an issue of $100,000 of bonds by the J. F. Luse Company, an Oregon corporation, against the Public Service Commission of Oregon and the individual members thereof, to secure an injunction restraining the commission and its members from enforcing an order of the commission reducing the rates charged by the J. F. Luse Company for water furnished to persons who had purchased land from it, with certain rights to water guaranteed to it by the contracts and deeds for the land so sold, from $3.50 per acre to $1 per acre, on the ground that such order of the commission was and is void for want of jurisdiction, in that the J. F. Luse Company is not a public utility and that the rate fixed by the commission is confiscatory.

In September, 1908, the Sutherlin Land & Water Company acquired a large tract of irrigable land in Douglas county, with the intention of subdividing and selling the same. Both this company and its successor, the J. F. Luse Company, were authorized by their several charters to sell water to the public; but there was no evidence that either of said companies ever sold or contracted to sell any water to the public generally, nor did either of said companies ever sell any of such water to any person other than purchasers of land from them, except that the J. F. Luse Company made a contract with the city of Sutherlin to permit it to use certain of the surplus water of its

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

system for a consideration of $500 a year while the city was engaged in securing a different supply for itself. In order to irrigate the land, the Sutherlin Company acquired by purchase and appropriation the right to divert water from the Calipooia river and other sources, and during the years 1908 to 1912 constructed an irrigation system and carried the water to and upon these lands.

Thereafter, and in November, 1912, the Sutherlin Land & Water Company conveyed to the J. F. Luse Company all of the land then remaining unsold, and also its interest in uncompleted contracts of sale and the water rights and irrigation system, and the Luse Company agreed to and did assume all of the obligations of the Sutherlin Company, especially with respect to providing water for the parcels of land so theretofore sold. The Luse Company thereupon, in order to fund its indebtedness for the money expended in the construction of the system and otherwise, issued a series of bonds, amounting to $100,000, secured by a mortgage on the irrigation system and on the charges for water under the deeds and contracts that it had made with land purchasers; the mortgage being made to the Northwestern Trust Company of St. Paul and Ira C. Oehler, as trustees, after which the bonds were sold to the plaintiffs, De Pauw University, Luse Land & Development Company, Limited, and others.

Thereafter certain of the purchasers of land from the J. F. Luse Company, who had contracted for water, and by their contracts of sale, or their deeds, as the case might be, had agreed to pay an amount equal to $3.50 per acre for water from the irrigation system, filed a petition with the Public Service Commission, alleging that the J. F. Luse Company was a public utility, and that such rates were unreasonable, discriminatory, and illegal, and asking the commission for a hearing to fix and establish a reasonable rate. In this proceeding, the Trust Company, as trustee, and certain of the bondholders, applied for and were granted leave to intervene, and did intervene, denying that the J. F. Luse Company, or its predecessor, the Sutherlin Company, was a public utility, and alleging that the commission had no jurisdiction to fix rates to be charged by the Luse Company for the water, or to interfere with the rates specified in the purchasers' deeds and contracts of sale.

Hearings were had before the commission, and it finally overruled the contention of interveners and entered an order reducing the rate that the J. F. Luse Company might charge for water from $3.50 to $1 per acre. Whereupon this suit was instituted to restrain the enforcement of that order. The evidence taken at the trial was uncontradicted to the effect that the J. F. Luse Company, though authorized by its charter to sell water to the public, never in fact had done so, and that it had never sold any water from its system, except the surplus water sold to the city of Sutherlin, to any one except those entitled to water under and by virtue of the sales contracts and deeds.

Edgerton & Dohs, of St. Paul, Minn., and Carey & Kerr and Charles A. Hart, all of Portland, Or., for plaintiffs.

George M. Brown, Atty. Gen., and J. O. Bailey, Asst. Atty. Gen., of Salem, Or., and B. L. Eddy, of Roseburg, Or., for defendants.

BEAN, District Judge (after stating the facts as above). [1] The evidence as taken on the trial shows clearly that neither the plaintiff nor its predecessors in interest were ever engaged in the business of selling or furnishing water to all who might apply within a given area, nor did either of them ever hold themselves out as ready and willing to do so. They were engaged in selling their own land, agreeing to furnish water on certain terms and conditions to the purchasers, and no others. They merely undertook to furnish water in fulfillment of a private contract with certain individuals selected by them, and not to

253 F.—54

the public generally, and therefore were not public utilities, and subject to the jurisdiction of the Public Service Commission. See opinion on motion to dismiss (247 Fed. 183).

[2, 3] The fact that under their articles of incorporation the several companies might have engaged in the business of a public utility does not ipso facto make them so. The chartered authority did not mark the nature of the operating companies. It is merely a naked authority to do business, but until it is pursued in a certain way it did not make the companies public utilities. Del Mar Water, Light & Power Co. v. Eshleman, 167 Cal. 666, 140 Pac. 593. Nor does the fact that the notice of appropriation of the water states that it was appropriated for "general rental, sale and disposition for the purposes of irrigation, etc.," alone make the appropriating corporation or its successor in interest a public utility. For, as stated by the Supreme Court of California in a similar case (Thayer v. Cal. Development Co., 164 Cal. 117, 128 Pac. 21):

"The property does not become impressed with a public use or trust until after the owner has first acquired it and then dedicated it to the use. The acts of acquisition and of dedication, respectively, are distinct from each other. Technically the latter must follow the former, and cannot precede or accompany it. An 'appropriation of water,' under the Code, is therefore not ipso facto a dedication or appropriation to public use. The additional act of dedication is as necessary to the creation of a public use in a water right so acquired as it would be if the right was acquired by conveyance or in any other manner, or as in the case of any other property dedicated to public use."

It follows, therefore, that the Public Service Commission was without jurisdiction to fix the rates to be charged by the plaintiff, and plaintiff is entitled to decree as prayed for in the complaint.